# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BLUEFIELD DIVISION

SILVER BUCKMAN,

    Petitioner,

v.                                                   Case No. 1:20-cv-00136

M.E. REHERMAN, Warden,
FPC Alderson,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

On February 18, 2020, Petitioner, a federal prisoner who was then housed at the Federal Prison Camp in Alderson, West Virginia ("FPC Alderson"),[1] acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (hereinafter "Petitioner's section 2241 petition") (ECF No. 1).  Petitioner paid the applicable $5.00 filing fee.  This matter is assigned to the Honorable David A. Faber, Senior United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

    I.     *FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

Petitioner is currently serving a 42-month term of imprisonment imposed by the Eastern District of Pennsylvania for bank and wire fraud convictions.  *See United States*

---

[1] According to the Federal Bureau of Prison's ("BOP") website, Petitioner is now incarcerated at FCI Danbury in Danbury, Connecticut.  Petitioner has filed a motion to have this matter transferred to the United States District Court for the District of Connecticut, which the undesigned has denied by separate order.

*v. Buckman*, No. 14-cr-00540 (E.D. Pa.). (ECF No. 12, Ex. 1, Attach. A). Petitioner's current projected release date is April 2, 2022. (*Id.*)

On February 18, 2020, Petitioner filed the instant petition, pursuant to 28 U.S.C. § 2241, seeking 12 months of Residential Reentry Center ("RRC") placement, followed by 4.2 months of home confinement for a total of 16.2 months of community placement prior to her release to supervision, based upon her interpretation of 18 U.S.C. § 3621(b), 18 U.S.C. § 3624(c), and 34 U.S.C. § 60541,[2] all as amended by the First Step Act ("FSA") and the Second Chance Act ("SCA"). (ECF No. 2). At bottom, in addition to the maximum amount of time practicable in an RRC, as provided under § 3624(c)(1), Petitioner further contends that, as a low-risk offender, the FSA "requires" the BOP to place her on home confinement for the maximum amount of time under § 3624(c)(2) (either 10% of her sentence or 6 months, whichever is shorter). (*Id.*, Attach. 1 at 1).

Petitioner further contends that § 60541 requires separate consideration for additional community confinement placement based upon a prisoner's completion of approved reentry skills development programs, but she claims that FPC Alderson fails to conduct this additional review and does no more than conduct a review under § 3624(c) using the § 3621(b) factors. (ECF No. 2, Attach. 1 at 2). Finally, Petitioner generally contends that FPC Alderson's practice of conducting an initial pre-release review 17-19 months before an inmate's release date is insufficient to account for these maximum placement requirements for low-risk inmates. (*Id.* at 2-3).

At the time she filed this petition, Petitioner had not yet been reviewed for community placement, which essentially made the petition premature and not ripe for

---

[2] Prior to amendment, the text of 34 U.S.C. § 60541 appeared in 42 U.S.C. § 17541. Both citations appear in Petitioner's petition documents. (ECF No. 2 and Attach. 1).

2

adjudication. However, she was subsequently reviewed on August 12, 2020, and it was determined that an appropriate length of time for her community placement is a range between 121-150 days. (ECF No.12, Attach. B). Petitioner admits that she had not exhausted the available administrative remedies prior to filing her petition, but she asserts that exhaustion was not required because her claim involves "only statutory construction," and that exhaustion of the administrative remedy process would be futile. (ECF No. 2, Attach. 1 at 3).

On September 17, 2020, pursuant to the undersigned's Order, Respondent filed a Response (ECF No. 12), asserting that Petitioner failed to properly exhaust her administrative remedies prior to filing her petition and further arguing that the BOP has exclusive discretion to determine the location of an inmate's confinement, including community confinement. Thus, Respondent contends:

> Contrary to Petitioner's assertions, the BOP is not required by the First Step Act and the Second Chance Act to place her or any other inmate in both an RRC and on home confinement for the maximum amount of time. Rather, the language of the statutes is discretionary and permits the BOP to make such determinations on an individualized basis for each inmate based on the factors set forth in 18 U.S.C. § 3621(b). As the BOP has sole authority to release an inmate to an RRC or home confinement, this Petition must be dismissed.

(ECF No. 12 at 5).

Petitioner's Reply requests that the court waive the exhaustion requirement as being futile because "the BOP has enacted a clear and inflexible rule that a prisoner is maxed out at 12 months of pre-release placement based upon a review of only 3621(b) factors. (ECF No. 13 at 2). Petitioner further contends that the BOP has not properly evaluated her for pre-release community confinement. Her Reply states:

> There are three statutes under which prisoners can be designated to particular facilities by the BOP: (1) Pursuant to 3621(b), the BOP designates

3

>a prisoner's place of confinement; (2) Pursuant to 3624(b) [sic; (c)], the BOP provides a prisoner with post-imprisonment rehabilitation services in community confinement facilities; and (3) Pursuant to Section 60541 [34 U.S.C. § 60541] (previously 42 U.S.C. § 17541), the BOP grants prisoners who participate in re-entry and skills development programs the maximum allowable period in a community confinement facility [footnote omitted]. The Petitioner agrees that the authority to release inmates to home confinement and to an RRC rests solely upon the BOP. However, each inmate must receive an individualized review according to the corresponding statute.

(*Id.* at 3-4).

Petitioner contends that 18 U.S.C. § 3624(c)(1) requires the BOP to place her in an RRC for up to 12 months (based upon the criteria set forth in 18 U.S.C. § 3621(b)). She further contends that the FSA modified 18 U.S.C. § 3624(c)(2) to require the BOP, *to the extent practicable*, to place low risk and low needs prisoners on home confinement for the maximum amount of time allowed (that being the shorter of 10% of his or her term of imprisonment or six months). (*Id.* at 4) (emphasis added). Thus, she asserts that she must be placed on home confinement for the last 10% of her sentence. (*Id.*) She further contends that, in addition to these provisions, the BOP must also consider her participation in and completion of inmate skills development programs within the institution as an incentive for additional time placed in an RRC under a statutory provision now found in 34 U.S.C. § 60541 (previously found in 42 U.S.C. § 17541). (*Id.* at 6-7). Petitioner appears to contend that these additional criteria were not considered during her community confinement placement evaluation. (*Id.* at 7-8). Her Reply further states:

>These are two separate and distinct reviews for two separate types of pre-release placement. Therefore, an inmate's qualification for pre-release home confinement placement pursuant to the FSA should not exclude him/her for an evaluation and qualification under the SCA for pre-release RRC placement. There is no statute or regulation which states that an inmate cannot receive both home confinement and RRC pre-release

4

placements. The SCA states that pre-release RRC placement is maxed at 12 months; however, this 12 month maximum is not equivalent to total pre-release placement . . . . An inmate can still receive pre-release home confinement placement pursuant to the FSA.

(*Id.* at 8).

In sum, although she had a pre-release evaluation (based upon the § 3621(b) factors) finding that she should be placed in community confinement for 121-150 days, Petitioner contends that she was not properly evaluated for additional placement in either an RRC for her completion of re-entry and skills development programming under § 60541, or for home confinement under § 3624(c)(2), as amended by the FSA, as a "minimum risk offender." (*Id.* at 9-10). Thus, she seeks an order compelling additional evaluation under these provisions. (*Id.* at 11).

## II. DISCUSSION

As noted by Respondent's brief, prisoners do not have a protected liberty interest either in being placed in an RRC or on home confinement. *See Whittenberg v. Ziegler*, No. 5:12-cv-01430, 2015 WL 2406111 at *1 n.2 (S.D.W. Va. May 19, 2015) (providing a detailed analysis of why inmates do not possess a constitutionally protected interest in home or community confinement). Nor do the amendments to the statutory provisions relied upon by Petitioner modify the BOP's discretion to determine the length and location of a prisoner's pre-release custody. Nonetheless, to the extent that Petitioner contends that the BOP did not properly consider her community confinement placement eligibility under all of these statutes as they are obliged to do, she failed to exhaust the available and appropriate administrative remedies concerning that assertion before filing the instant petition.

The BOP has a four-step Administrative Remedy Program for resolving grievances: (1) seeking informal resolution with a staff member; (2) submitting a formal grievance to the Warden on a "BP-9" form; (3) appealing the formal grievance to the Regional Director on a "BP-10" form within 20 days of the date the Warden signed the response to the grievance; and (4) appealing to the General Counsel of the Central Office on a "BP-11" form within 30 days of the date the Regional Director signed the response to the appeal. *See* 28 C.F.R. § 542.10-542.15; *Luczak v. Coakley*, No. 5:16-cv-189, 2018 WL 4326877, at *6 (N.D.W. Va. Aug. 3, 2018), *report and recommendation adopted*, No. 5:16-cv-189, 2018 WL 4305810 (N.D.W. Va. Sept. 10, 2018).

Generally, a federal inmate must exhaust these administrative remedies before filing a writ of habeas corpus in federal court. *Boumediene v. Bush*, 553 U.S. 723, 782 (2008); *Braden v. 30th Judicial Cir. Ct.*, 410 U.S. 484, 490–91 (1973) (requiring exhaustion in a § 2241 matter); *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (an inmate must exhaust administrative remedies before filing a § 2241 petition). Although § 2241 does not contain a statutory exhaustion requirement, courts have consistently required prisoners to exhaust their administrative remedies, absent futility thereof, before seeking habeas review under § 2241. *See, e.g., Timms v. Johns*, 627 F.3d 525, 530-33 (4th Cir. 2010) (requiring exhaustion in a § 2241 matter); *McClung*, 90 F. App'x at 445 ("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions.").

Petitioner asserts that exhaustion is not required when an inmate is asserting a claim based solely on statutory construction and that, with respect to her claims herein, the BOP has "enacted a clear and inflexible rule" that does not permit an inmate to be awarded more than a 12-month placement in community confinement.  (ECF No. 13 at 1-

6

3) (citations omitted). Thus, she contends that the exhaustion process would be futile and that this court should excuse the exhaustion requirement.

Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being hauled into court. *Arbaugh v. Berkebile*, No. 5:10-cv-528, 2010 WL 5481198, at *3 (S.D.W. Va. Nov. 8, 2010), *report and recommendation adopted*, No. 5:10-cv-00528, 2011 WL 9387 (S.D.W. Va. Jan. 3, 2011) (citing *Jones v. Bock*, 549 U.S. 199, 204, (2007); *McCarthy v. Madigan*, 503 U.S. 140, 144–45 (1992)). Because the statute authorizing habeas corpus matters does not expressly require administrative exhaustion, the court retains discretion to disregard the exhaustion requirement in "pressing circumstances." *Reeder v. Phillips*, No. 1:07-cv-138, 2018 WL 243003, at *3 (N.D.W. Va. June 12, 2008). However, exhaustion should only be excused where administrative review would be futile. *Jaworski v. Gutierrez*, 509 F. Supp. 2d 573 (N.D.W. Va. 2007). Thus, "as a general rule, courts will deny judicial relief until all administrative remedies have been exhausted[,] and exhaustion will not be considered futile, "[u]nless the agency is certain to rule adversely." *Reeder,* 2008 WL 2434003 at *2-3. While, as noted by Petitioner, some courts have excused exhaustion for the alleged futility of the exhaustion process, the undersigned cannot find such circumstances here and, thus, this District Court should not exercise its discretion to excuse exhaustion on that basis. Moreover, Petitioner's argument that exhaustion is not required because her claim involves statutory construction is specious. S*ee Toussaint v. Knight*, No. 6:21-cv-00764-HMH-KFM, 2021 WL 2635887, at *3 (D.S.C. June 4, 2021), *report and recommendation adopted*, 2021 WL 2635479 (D.S.C. June 25, 2021) (rejecting futility argument grounded in statutory construction); *Vazquez v. Knight*, No. 8:21-cv-0314-RMG, 2021 WL 1625002, at *3 (D.S.C. Apr. 27, 2021) (same); *Rodgers v.*

*Glenn*, No. 1:16-cv-0016-RMG, 2017 WL 1051011, at *3 (D.S.C. Mar. 20, 2017) (finding argument that exhaustion would be futile because ground for relief involves an issue of statutory construction is without legal merit).

Petitioner prematurely filed the instant petition before the BOP had even considered her for community placement. Thus, she clearly had not exhausted the available administrative remedies concerning her claims prior to filing the instant petition, and she has not demonstrated any facts supporting a finding that the administrative remedy process was futile under the circumstances presented. Therefore, dismissal of her § 2241 petition for failure to properly exhaust administrative remedies is warranted. *See Jackson v. Saad*, No. 1:18-cv-01022, 2019 WL 321411, *1 (S.D.W. Va. Jan. 24, 2019) (Faber, S.J.) ("administrative remedies are to be exhausted prior to filing suit.").

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner failed to properly exhaust the available administrative remedies prior to filing her petition and that she has failed to demonstrate that pursuing such administrative remedies would have been futile in order to excuse the exhaustion requirement. Therefore, her petition should be dismissed for failure to exhaust administrative remedies.

### III.   RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and **DISMISS** this civil action from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby filed, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section

636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (making of objections), and then three days (service/mailing), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party and Judge Faber.

The Clerk is directed to file this "Proposed Findings and Recommendation," to mail a copy of the same to Petitioner and to transmit a copy to counsel of record.

September 3, 2021

Dwane L. Tinsley
United States Magistrate Judge